COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

CITY OF VIRGINIA BEACH SCHOOL BOARD

                                        MEMORANDUM OPINION[*]
v.   Record No. 3048-97-1                    PER CURIAM
                                          JUNE 2, 1998
OBED FLOYD CHAPPELL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (George J. Dancigers; Patrick M. Mayette;
               Heilig, McKenry, Fraim & Lollar, on briefs),
               for appellant.

               (John H. Klein; Rutter & Montagna, on brief),
               for appellee.


     City of Virginia Beach School Board ("employer") contends

that the Workers' Compensation Commission erred in finding that

Obed Floyd Chappell proved that his right knee condition and

disability commencing January 4, 1997 were causally related to

his December 22, 1995 injury by accident.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     "The actual determination of causation is a factual finding

that will not be disturbed on appeal if there is credible

evidence to support the finding."  Ingersoll-Rand Co. v. Musick,

7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Questions

raised by conflicting medical opinions must be decided by the

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

On December 22, 1995, Chappell injured his right knee while working for employer as a construction inspector.  Chappell had no history of right knee problems before December 22, 1995.

After treating with several physicians, Chappell began treating with Dr. Arthur Wardell, an orthopedic surgeon, on November 7, 1996.  Dr. Wardell reviewed the medical records of Chappell's prior treating physicians and a May 21, 1996 MRI.  As a result of that review and his examination of Chappell, Dr. Wardell opined that Chappell suffered from traumatic synovitis in his right knee and an internal tear of the medial meniscus which were caused by Chappell's December 22, 1995 work-related accident.

When Chappell's knee pain worsened, Dr. Wardell performed an arthroscopic medial meniscus repair on Chappell's right knee on February 18, 1997.  Dr. Wardell opined that Chappell's worsening knee pain indicated that the internal tear had broken through the surface of the medial meniscus.  Upon his consideration of Chappell's history, the objective and subjective findings reported by Chappell's prior treating physicians, and the May 21, 1996 MRI, Dr. Wardell related Chappell's injury to the December

22, 1995 work-related accident.  Dr. Wardell noted that the tear he observed during the February 18, 1997 arthroscopy was in the same location revealed on the May 21, 1996 MRI and was consistent with Chappell's reported symptoms.

In finding that Chappell sustained his burden of proving that his right knee condition and disability commencing January 4, 1997 were causally related to his December 22, 1995 injury by accident, the commission found as follows:

> [W]e . . . give greater weight to the opinion and conclusions of Dr. Wardell, whose medical reports and testimony we find more reliable in this case.  Like the Deputy Commissioner, we reject Dr. [Sheldon L.] Cohn's conclusion on October 24, 1996 that this was somehow a personal injury unrelated to his work accident, or his finding that [Chappell] had somehow recovered from his knee injury, even as he reported "anterior knee pain which appears to be patellofemoral syndrome."  We note that there is nothing in the record to show a prior medical history of knee injury, and Chappell was until the acknowledged accident on December 22, 1995 able to perform his regular work.  The medical records show persistent knee problems since that accident, and the medial meniscus tear was diagnosed as early as February 9, 1996 and manifest on the MRI study of May 21, 1996.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).  In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Wardell's opinions, and to reject any contrary medical opinions.  Dr. Wardell's medical reports and opinions constitute

credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.